**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR527** |
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| **DANIEL VILLALOBOS-DELGADO,** | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the following motions filed by the Defendant, Daniel Villalobos-Delgado: to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255 motion") (Filing No. 83); to proceed in forma pauperis (Filing No. 84); to amend or supplement the § 2255 motion (Filing No. 85); and for an extension of time to amend or supplement the § 2255 motion (Filing No. 86).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

The Defendant, Daniel Villalobos-Delgado, pleaded guilty to Count I of a three-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The plea agreement was not a cooperation agreement. The agreement included a provision

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the Defendant receive a sentence of 120 months "to eliminate al possible issues under the U.S.S.G. such as criminal history, role in the offense, and any other issues." (Filing No. 24.) In his petition to enter a plea of guilty, Villalobos-Delgado stated the following under penalty of perjury: he was satisfied with the representation of trial counsel; he understood the charge and the minimum punishment of ten years imprisonment; he would likely be sentenced within his sentencing guideline range; no promises were made to him besides those in the plea agreement; and he was voluntarily pleading guilty. (Filing No. 23.) While under oath, Villalobos-Delgado affirmed the answers reflected in his plea petition. The noncooperation nature of his plea agreement was discussed. (Filing No. 34.) All plea papers were interpreted for him, and his conversations with his attorney regarding his plea were handled through an interpreter. (Filing Nos. 23, 34.) Villalobos-Delgado did not object to the Magistrate Judge's report and recommendation that his plea be accepted. (Filing No. 35.)

Villalobos-Delgado's sentencing guideline range was 120-135 months,[1] and he was sentenced to 120 months. (Filing No. 45, 48.) At sentencing, there were no contested issues. Villalobos-Delgado did not make any comments at the sentencing hearing. (Filing No. 58.) The Defendant did not object to the Presentence Investigation Report ("PSR"). The Eighth Circuit Court of Appeals affirmed this Court's judgment in a per curiam opinion. Appellate counsel was granted leave to withdraw pursuant to *Anders v. California,* 386 U.S.

---

[1] Absent the statutory mandatory minimum, his range would have been 108-135 months. (Filing No. 45.)

738 (1967). The Eighth Circuit rejected Villalobos-Delgado's sentencing challenge,[2] citing *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) for the proposition that a defendant may not challenge a sentence to which he voluntarily and explicitly agreed. (Filing No. 78.)

## DISCUSSION

In his § 2255 motion, Villalobos-Delgado raises the following claims: his sentence violated his rights under the Fifth Amendment to due process and the Sixth Amendment to effective assistance of counsel; trial counsel was ineffective for not obtaining a safety valve or cooperation provision in the plea agreement; Villalobos-Delgado did not know about the safety valve; trial counsel was ineffective for not arguing that he deserved the benefit of the safety valve. (Filing No. 83.)[3] Villalobos-Delgado's arguments are essentially the same, and the pervasive issue is that trial counsel was ineffective for not obtaining the benefit of the safety valve for him or explaining to him the potential availability of safety valve protection.

In order to establish ineffective assistance of counsel, Villalobos-Delgado must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and

---

[2]The Eighth Circuit opinion does not explain the nature of the sentencing challenge raised on appeal.

[3]Villalobos-Delgado requests leave to amend or supplement his § 2255 motion, and seeks additional time to do so. (Filing Nos. 85, 86.) According to his motion to amend or supplement, he proposes no new issues. (Filing No. 85.) Therefore, the motion for leave to amend or supplement, and the motion for an extension of time to do so, are denied.

3

made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

In his plea agreement, Villalobos-Delgado specifically agreed to a 120-month sentence. Although his plea agreement was not a cooperation agreement, one need tot provide substantial assistance in order to receive the benefit of the safety valve. Villalobos-Delgado appears to have met the first four requirements of the safety valve. The record includes no indication that Villalobos-Delgado knew about the safety valve or that he refused any possible opportunity to truthfully provide all information about the offense to the government prior to sentencing, or whether he wished to do so. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). In summary, based on the record the Court cannot conclude that it plainly appears that Villalobos-Delgado is not entitled to relief. Therefore, the government shall answer the allegations in the § 2255 motion. The government may treat the various issues as one: whether trial counsel was ineffective for not obtaining the benefit of the safety valve for Villalobos-Delgado or explaining to him the potential availability of safety valve protection.

## CONCLUSION

For the reasons, discussed, the government shall answer the § 2255 motion. The Defendant will have the opportunity to respond. The motions to amend or supplement and for an extension of time are denied. The motion for leave to proceed in forma pauperis is granted.

IT IS ORDERED:

1. The Court has completed the Initial Review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 83);

2. On or before July 19, 2007, the United States shall file an answer to the Defendant's § 2255 motion and support its answer with a brief;

3. On or before August 16, 2007, the Defendant may file a responsive brief;

4. The Defendant's motion for leave to proceed in forma pauperis is granted;

5. The Defendant's motion to amend or supplement his § 2255 motion (Filing No. 85) is denied;

6. The Defendant's motion for extension of time (Filing No. 86) is denied; and

7. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 19th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge