IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR527 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| DANIEL VILLALOBOS-DELGADO, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Daniel Villalobos-Delgado, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255 motion") (Filing No. 83).  On initial review, the Court considered his claims as one claim arguing that trial counsel was ineffective for not obtaining the benefit of the safety valve for him or explaining to him the potential availability of safety valve protection.  The Court ordered the government to answer the claim and allowed the Defendant to respond.  After reviewing the parties' submissions, the court will deny the Defendant's § 2255 motion for the reasons discussed below.

### DISCUSSION

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984).  In other words, the Defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated

by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). Moreover, the Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Villalobos-Delgado appears to have met the first four requirements of the safety valve. The question is whether the fifth requirement, that he share with the government a complete and truthful disclosure of related conduct by him and others, was met. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). The government was ordered to respond because the Court was unable to determine from the record whether the Defendant was aware of the opportunity to try to satisfy this fifth requirement.

The government's response, in the form of an affidavit of Assistant Federal Public Defender Jeffrey Thomas thoroughly satisfies the Court's inquiry. The affidavit includes notes of Mr. Thomas taken during two meetings with the Defendant during which, based on the notes, the safety valve was discussed verbally and through diagrams. Mr. Thomas's discussions with the Defendant were held through an interpreter. Moreover, Mr. Thomas included a bilingual explanation of the safety valve that was given to the Defendant. The Defendant's response, in which he argues that Mr. Thomas's notes are "doodlings" and that the handout fails to explain the difference between the safety valve and substantial assistance, are unavailing in light of the government's evidence. Mr. Thomas's illustrations had an obvious purpose, and the handout includes separate sections thoroughly covering both the safety valve and substantial assistance.

In summary, based on the record, the Court concludes that Villalobos-Delgado is not entitled to relief as he has not proved either prong of the *Strickland* test for ineffective assistance of counsel.

## CONCLUSION

For the reasons discussed, the Defendant's § 2255 motion is denied.

IT IS ORDERED:

1. The Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 83) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 15th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge